IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**Bobbie Michelle Smith, et al.**
*on Behalf of Herself and All Others*
*Similarly Situated,*

          **Plaintiff,**

**v.**

**TIPTON COUNTY BOARD**
**OF EDUCATION**

          Defendant.

**CIVIL ACTION NO.:**

**CLASS ACTION COMPLAINT**

**JURY DEMANDED**

## VERIFIED COMPLAINT FOR DAMAGES

Plaintiff, Ms. Bobbie Michelle Smith, by and through her counsel, files this Complaint for Damages on behalf of herself and all others similarly situated against Tipton County Board of Education (Board of Education), as states as follows:

### PARTIES

Plaintiffs

1. Plaintiff, Bobbie Michelle Smith, is an adult resident of Drummonds, Tipton County, Tennessee.  Plaintiff and all others similarly situated, were employed by Tipton County Schools during the relevant time period and they have been injured as a result of Defendant's unlawful conduct alleged herein.

2. Plaintiff Regina Starnes is an adult resident of Drummonds, Tipton County, Tennessee.

3. Plaintiff Debra Alsbrook is an adult resident of Burlison, Tipton County, Tennessee.

4. Plaintiff Tonya Kenney is an adult resident of Drummons, Tipton County, Tennessee.

5. Plaintiff Carla Carothers is an adult resident of Burlison, Tipton County, Tennessee.

6. Plaintiff Doris Mitchell is an adult resident of Millington, Tipton County, Tennessee.

7. Plaintiff Christy Scherffius is an adult resident of Burlison, Tipton County, Tennessee.

8. Plaintiff Sarah Davis is an adult resident of Burlison, Tipton County, Tennessee.

9. Plaintiff Donald Volner is an adult resident of Drummonds, Tipton County, Tennessee.

10. Plaintiff Cynthia Moore is an adult resident of Munford, Tipton County, Tennessee.

11. Plaintiff Audrey Starnes is an adult resident Drummonds, Tipton County, Tennessee.

Defendant

12. The Defendant, Tipton County Board of Education (hereinafter "Board of Education"), is a duly organized school district organized pursuant to the laws of the State of Tennessee, with its main offices located at 1580 Highway 51, South in Covington, Tennessee.

## JURISDICTION AND VENUE

13. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under 26 U.S.C § 6103.

14. The Western District of Tennessee, Western Division, has personal jurisdiction over the Defendant Tipton County Board of Education is a business/governmental entity and does conduct or has conducted business in this judicial district.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District and because Defendant conducts business in this district.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) and (c).

## FACTUAL BASIS FOR CLAIM

17. Plaintiff, Bobbie Michelle Smith, became employed with the Tipton County Board of Education as a Bus Driver in or around January 2003.

18. Plaintiff Regina Starnes became employed with the Tipton County Board of Education as a Bus Driver in or around August 2008.

19. Plaintiff Debra Alsbrook became employed with the Tipton County Board of Education as a Bus Driver in or around September 1996.

20. Plaintiff Debra Alsbrook also performs work at the Alternative School and for Project Succeed for the Tipton County Board of Education.

21. Plaintiff Tonya Kenney became employed with the Tipton County Board of Education as a Cafeteria Worker in or around 2008.

22. Plaintiff Carla Carothers became employed with the Tipton County Board of Education as a Substitute Cafeteria Worker in or around February 2016.

23. Plaintiff Doris Mitchell became employed with the Tipton County Board of Education as a Cafeteria Server in or around August 2016.

24. Plaintiff Christy Scherffius became employed with the Tipton County Board of Education as a School Aged Child Care employee in or around November 2015.

25. Plaintiff Sarah Davis became employed with the Tipton County Board of Education as a Substitute Teacher in or around August 2012.

26. Plaintiff Donald Volner became employed with the Tipton County Board of Education as a full-time Bus Driver in or around August 2008.

27. Plaintiff Cynthia Moore became employed with the Tipton County Board of Education as a School Bus Driver in or around August 1996.

28. Plaintiff Audrey Starnes became employed with the Tipton County Board of Education as a Bus Driver in or around August 2015.

29. At all times relevant hereto, the Board of Education received federal funds and acted as a local education authority, and has the duty to set educational policy and to ensure that the educational system of Tipton County provides a free, appropriate public education to students with disabilities pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. 1400 et seq. and related State laws and regulations.  T.C.A. §49-10-101 et seq.; State Board of Education Rules, Regulations, and Minimum Standards, Chapter 0520-1-9-.01 et seq.

30. The National School Lunch Program, a program that provides free or low cost lunches to low income students, is a SNAP Benefit under the Food and Nutrition Act of 2008.

31. Any child who receives SNAP benefits shall automatically be enrolled in the National School Lunch Program in Tipton County.

32. It is the responsibility of the State educational agency, the Tennessee Board of Education, to administer the National School Lunch Program.

33. The Tennessee Department of Education has entered into a USDA approved standard form of agreement with the Tipton County Board of Education which covers the operation of the national school lunch program.

34. Under Tennessee Code Annotated § 49-6-2302(a)(1), each school board shall establish a school lunch program in every school under its jurisdiction in accordance with the rules and regulations under § 46-6-2303.

4

35. Upon information and belief, approximately 37 percent of students in Tipton County are on the National School Lunch Program administered under the Food and Nutrition Act of 2008.

36. Upon information and belief, The Board of Education provides assistance in the form of free school lunches to students in the Tipton County School System.

37. The Board of Education operates the public schools in Tipton County, Tennessee.

38. As a result, the Board of Education is a local agency administering a program listed in 26 U.S.C. § 6103(l)(7)(D).

39. Plaintiff, and all others similarly situated, are employees of Tipton County Board of Education.

40. Plaintiff, and all others similarly situated, worked for Tipton County Board of Education during the 2016 calendar year.

41. The Board of Education received an email (hereinafter "phishing email") from a third party purporting to be Dr. William E. Bibb, Director Tipton County Schools.

42. The email requested all 2016 employee W-2's and tax information.

43. A Board of Education employee responded to the phishing email and provided the requested information via PDF.

44. The Tipton County Board of Education notified employees in a letter dated January 24, 2017 signed by Dr. Bibb, that it committed a data breach.

45. The letter indicated that the Tipton County Board of Education had released employees private, confidential, and personally identifiable information to an unknown third party, in a response to an email request sent to the Tipton County Board of Education by the third party.

46. The unknown third party's email asked for employee W2's and tax information.

47. According to the letter, on January 23, 2017, Defendant Board of Education sent a PDF document containing information from the FormW-2s of Tipton County Board of Education employees.

48. The PDF document contained Return Information as defined by 26 U.S.C.S § 6103(b)(2) ("the term 'return information' means: (a) a taxpayer's identity, the nature, source, or amount of his income, payments receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, …") (hereinafter "return information").

49. The e-mail contained information concerning taxpayer identity as defined by 26 U.S.C.S. § 6103(b)(6) ("[t]he term 'taxpayer identity' means the name of a person with respect to whom a return is filed, his mailing address, his taxpayer identifying number (as described in section 6109) or a combination thereof.") (hereinafter "tax payer identity").

50. The e-mail contained taxpayer identifying numbers as defined by 26 U.S.C.S. § 6109(d) ("Use of social security account number. The social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act [42 USCS § 405(c)(2)(A)] shall, except as shall otherwise be specified under regulations of the Secretary, be used as the identifying number for such individual for purposes of this title.") (hereinafter "social security number").

51. Upon information and belief, the PDF contained return information for approximately 1,937 employees.

52. Upon information and belief, the e-mail illegally disclosed tax return information and tax payer identities to a third party including but not limited to:

    a.  Employees' names.

    b.  Employees' addresses.

    c.  Employees' social security numbers.

    d.  Employees' nature of income.

    e.  Employees' source of income.

    f.  Employees' amount of income.

    g.  Employees' deductions.

    h.  Employees' exemptions.

    i.  Employees' tax withheld.

    j.  Employees' tax payments.

53. Defendant Board of Education, in a letter dated January 24, 2017 and signed by Dr. William E. Bibb, Director of Tipton County Schools, admitted that social security numbers were disclosed to a third party.

54. Each such disclosure for each employee constitutes a separate and distinct violation of the statute.

55. Plaintiffs, and all others similarly situated, have been injured by the acts described above.

## CLASS ACTION ALLEGATIONS

56. Plaintiffs, and all others similarly situated, incorporates the facts and allegations contained in Paragraphs 1 - 55 as though fully set forth herein.

57. Plaintiff brings this action on her own behalf and as a class action on behalf of all Tipton County Board of Education employees pursuant to Federal Rule of Civil Procedure 23(b)(1) and 23(b)(3) on behalf of the following class:

> All individuals working for or providing services on a full-time, part-time, seasonal, or probationary basis for Tipton County Board of Education during the tax year 2016 whose tax information was disclosed to a third party by email on or about January 23, 2017.

58. Due to the nature of the activity involved, Class Members are geographically dispersed throughout Tipton County and upon information and belief, may reside outside Tipton County, Tennessee.

59. *Numerosity.* While the exact number of class members is unknown to Plaintiff at this time, Plaintiff believes that there are approximately two thousand Class Members. Due to the size and nature of the Data Breach by the Tipton County Board of Education, the class is so numerous that joinder of all members is impracticable.

60. *Commonality and Predominance.* Plaintiff's claims are typical of the claims of the Class in that Plaintiff's confidential personal, financial, and tax information was subject to a data breach. There is a well-defined community of interest and common questions of law and fact which predominate over any questions affecting only individual members of the Classes. These common legal and factual questions which will generate common answers which are apt to drive the resolution of the litigation do not vary between members of the Classes. These common questions may be determined without reference to individual circumstances and will provide common answers. The following represent a nonexhaustive list of common questions:

    a.   Whether class members were subject to disclosure of return information or taxpayer identity information;

    b.   Whether the Board of Education acted willfully;

    c.   Whether the Board of Education acted with gross negligence;

d.  Whether the Board of Education violated 26 U.S.C.S. § 6103; and

e.  Whether the Board of Education is liable for civil damages under 26 U.S.C.S. § 7431.

61. *Typicalility.* Plaintiff's claims are typical claims of the Class because Plaintiff was an employee of Tipton County Board of Education who has been harmed by the January 23, 2017 data breach.

62. *Adequacy of Representation.* Plaintiff will fairly and adequately protect and pursue the interests of the Classes. Plaintiff understands the nature of the claims herein, her role in the proceedings, and will vigorously represent the class. Plaintiff has retained class counsel that is experienced in the prosecution of consumer protection class actions and other forms of complex litigation. Neither Plaintiff, nor her attorneys, has interests which are contrary to or conflict with those of the Classes.

63. *Superiority and Manageability.* A class action is superior to all other available methods of adjudication of this lawsuit. Because individual litigation of the claims of Class members is economically infeasible and judicially impracticable, the class action device is the only way to facilitate adjudication of Plaintiff's and the Classes' claims. Although the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member resulting from Defendant's wrongful conduct are not significant enough for experienced counsel to handle on an individual basis. Even assuming individual Class members could retain counsel to pursue their claims, the burden that thousands of individual claims would pose to the judicial system would be unjustifiable in light of the class action device. Individual members of the Classes do not have significant interest in individually controlling the prosecution of

9

separate actions and individualized litigation could result in varying, inconsistent or contradictory judgments.

64. The nature of notice to the class is contemplated to be direct mail upon certification of the Class or, if such notice is not practicable, by the best method possible under the circumstances including, *inter alia*, email, publication in major newspapers, and creation of a website.

## COUNT I – VIOLATIONS OF 26 U.S.C. § 6103 et seq.

65. Plaintiff and all those similarly situated hereby reallege and incorporate the allegations contained in Paragraphs 1 - 64 as if fully set forth herein.

66. Tipton County Board of Education had possession of confidential information contained in the Forms W-2 of Plaintiff and all those similarly situated.

67. Tipton County Board of Education disclosed tax return information via e-mail to an unidentified individual/entity, thereby compromising its confidentiality.

68. The disclosure by Tipton County Board of Education was willful, deliberate, negligent, and/or, grossly negligent because it was preventable with the implementation of simple, inexpensive security measures and basic employee training.

69. The "tax return information" disclosed by Tipton County Board of Education included but is not limited to the names, addresses, dates of birth, Social Security numbers, of Tipton County Board of Education Employees.

70. Upon information and belief, the data breach also contained information of Tipton County Board of Education employees' withholdings, exemptions, income, and sources of income for Plaintiff and all those similarly situated.

71. It is a violation of 26 U.S.C. § 6103(a)(2), for an employee or officer of a governmental entity or local agency to disclose tax return information to another party or entity in any manner, by any means whatsoever.

72. Tipton County Board of Education is a local agency administering a program listed in 26 U.S.C. § 6103(l)(7)(D), specifically, the Food and Nutrition Act of 2008 (7 U.S.C. § 2011)(free lunch program).

73. Furthermore, the disclosure made by the Tipton County Board of Education was neither requested by the Plaintiff or any others similarly situated.

74. Likewise, it was not the result of a good faith but erroneous interpretation of 26 U.S.C. § 6103; and, therefore does not fall under the "good faith" exception to liability for such acts as defined under 26 U.S.C. § 7431(b).

75. Plaintiff and all those similarly situated have suffered statutory and actual damages as a result of the disclosure by Tipton County Board of Education, as defined under 26 U.S.C. § 7431(c).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all other similarly situated employees of Tipton County Board of Education pray for judgment against Defendant, Tipton County Board of Education as follows:

A. That the Court determines that this action may be maintained as a class action in the Western District of Tennessee under Federal Rule of Civil Procedure 23(b)(1) and 23(b)(2), that Plaintiff is an adequate and appropriate representative of the Tipton County Class, that Plaintiff's counsel be appointed counsel for the Class, and that reasonable notice of this action be given to the Tipton County Class;

B.  Actual and/or statutory damages, whichever is greater, as provided for under 26 U.S.C. §7431(c) in an amount not less than $19,000,000.00;

C.  Punitive damages due Plaintiffs and Class members for the gross negligence by the Defendant;

D.  Plaintiff and Class members recover their costs of this suit, including reasonable attorneys' fees, as provided by law;

E.  Plaintiff and Class Members receive such other and further relief as the case may require and the Court may deem just and proper.

Date:   April 24, 2017                            Respectfully submitted,

                                                  s/ALAN G. CRONE
                                                  ALAN G. CRONE, TN BAR NO. 14285
                                                  BAILEY G. HILL, TN BAR NO. 33664
                                                  THE CRONE LAW FIRM, PLC
                                                  88 Union Avenue, 14th Floor
                                                  Memphis, Tennessee  38103
                                                  (901) 737.7740 (voice)
                                                  (901) 474.7926 (facsimile)
                                                  acrone@cronelawfirmplc.com  (email)
                                                  bhill@cronelawfirmplc.com  (email)


                                                  s/Jeff Ward
                                                  Jeff Ward TN Bar No. 25105
                                                  WARD LAW FIRM, PLLC
                                                  99 Doctors Drive, Suite 300
                                                  Munford, TN 38058
                                                  (901) 837-9355
                                                  *Attorneys for Plaintiff*

IN WITNESS, by signing this instrument, I affirm all that is written above is true and accurate to the best of my knowledge.

**Bobbie Michelle Smith**

STATE OF TENNESSEE
COUNTY OF TIPTON

Subscribed and sworn to before me on this the 19th day of April ____, 2017.

NOTARY PUBLIC

My Commission Expires: ____

13